



# The Attorney General of Texas

August 28, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
7    8-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Homer A. Davis
County Attorney
Hartley County
P. O. Box 1110
Dalhart, Texas 79022

Opinion No. H- 1233

Re:  Whether election on annex-
ation to hospital district may be
held within three months of elec-
tion defeating similar proposal.

Dear Mr. Davis:

You ask whether, on the facts presented, an election may be held on the annexation of part of Hartley County to the Moore County Hospital District. Early in 1978, a petition was presented to the directors of the Moore County Hospital District seeking annexation into the district of part of Hartley County. The proposal was defeated by voters within the area proposed to be annexed. Thereafter, a second petition was filed seeking annexation of part of Hartley County into the Moore County Hospital District. This second petition covered a different tract of land than the first petition although there was some overlap. An election on the second proposal has been set for a date in August, 1978. You wish to know whether the second election may be called within three months of the first election. You inform us that the Hartley County Commissioners have voted to become part of a proposed Dallam-Hartley Counties Hospital District, which will require legislative action to establish.

The Moore County Hospital District was established pursuant to an uncodified special law adopted under the authority of article 9, section 9 of the Texas Constitution. V.T.C.S. art. 4494q; Acts 1969, 61st Leg., ch. 287. Section 1A of the special law creating the hospital district provides in part:

Under the provisions of this Section, territory which is not then within (i) Moore County, or (ii) within the boundaries of any other hospital district, or (iii) within the proposed boundaries of any hospital district which the Legislature has authorized to be included within the area of a hospital district under article IX, Section 9 of the Constitution, may be annexed or added to the area included in the boundaries of the proposed district

p. 4923

> set forth in Section 1. Territory which is proposed to be annexed or added may be in one or more tracts, each of which shall be either contiguous (adjacent) to the area of the district as described in Section 1, or contiguous (adjacent) to territory which has been or is proposed to be annexed to the district.

If the territory in Hartley County fits the foregoing description, voters who reside there may petition for its annexation according to the following provision of section 1A:

> A petition asking that territory be annexed to the district may be presented to the board of directors of the district. . . . The board of directors, upon the receipt of the petition, if it finds that it would be in the best interest of the district, shall (within 90 days after such finding) approve the same and order an election to determine if such property shall be annexed or added to the district.
>
> . . . .
>
> The provisions of Section 3, with respect to the qualifications of voters in the election therein provided, as well as the provisions thereof with respect to the time, manner and holding of elections and giving notice thereof, shall apply to all elections held under the provisions of this Section.
>
> . . . The board of directors of the district may consider all petitions presented to it, and approve or reject the same. . . .

(Emphasis added). Section 3(a) of the special law, referred to and emphasized above, reads in part:

> The district shall not be created, nor shall any tax therein be authorized unless and until such creation and tax are approved by a majority of the qualified property taxpaying electors of the area of the proposed district voting at an election called for such purpose. . . . Such election shall be held not less than 35 nor more than 60 days from the date the election is ordered. The order calling the election shall specify the date, place or places of holding the election. . . . The failure of such election shall not operate to prohibit the calling and holding of subsequent elections for the same

> purpose; provided, however, that no district election for confirmation can be held within 12 months of any proceeding district election for confirmation, and, further provided, if this district is not confirmed within 5 years of the effective date of this Act, this Act is hereby repealed.

(Emphasis added).  We believe Texas courts, if called on to judicially interpret the meaning of "same purpose" as used above, would probaby hold under the facts presented that the second proposed annexation election is not for the "same purpose" as the initial election which failed because the second proposal encompasses substantially different territory, even though some land was included in both proposed annexations.  Cf. Attorney General Opinion No. H-145 (1973) (political subdivision could hold one election per year at county expense).  That being our opinion of the probable construction to be placed on the language under the facts presented here, we need not decide whether  the prohibition of two elections within 12 months applies to annexations by reason of the emphasized language of section 1A.  In all other respects the annexation election must comply with section 3.

In the absence of an express limitation on the frequency of annexation elections, we believe none exists.  See Attorney General Opinion V-585 (1948), V-126 (1947).  The matter is within the discretion of the board of directors, which shall order an election if it would, in its judgment, be in the best interest of the district.

## S U M M A R Y

The special law under which the Moore County Hospital District was established, Acts 1969, 61st Leg., ch. 287, does not provide for a specific interval of time between annexation elections unless the elections are for the same purpose.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn